UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Malcolm Wiggins, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 20-4040 |
| | ) | |
| Christine Brannon, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

## **<u>MERIT REVIEW ORDER</u>**

The plaintiff, proceeding *pro se*, and currently incarcerated at Hill Correctional Center, was granted leave to proceed *in forma pauperis*. The case is now before the court for a merit review of plaintiff's claims. The court is required by 28 U.S.C. § 1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A.

In reviewing the complaint, the court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(citation omitted).

Plaintiff alleges that he suffers from COPD, asthma, sleep apnea, diverticulitis, and several other medical conditions. He sued more than 40 defendants from two prisons and IDOC administration alleging that he was transferred from Illinois River Correctional Center to Hill Correctional Center in retaliation for filing lawsuits and grievances. Plaintiff alleges that Defendants Osmundson and Awada failed to adequately treat an abscessed tooth at Illinois River Correctional Center ("Illinois River").

Plaintiff alleges that medical staff at Hill Correctional Center ("Hill") failed to follow recommendations from his pulmonologist, provide a portable oxygen tank, or otherwise adequately treat his medical conditions. Plaintiff alleges that the warden and other correctional staff harassed him in response to several complaints and failed to address a rodent infestation in his cell and his alleged inability to shower for five (5) months.

Plaintiff states a claim against Defendants Bautista, Steele, Pilger, Finninni, Parrish, Lindorff, and Wexford Health Sources for deliberate indifference to a serious medical need. *Petties v. Carter*, 836 F.3d 722, 729-30 (7th Cir. 2016) (en banc); *Monell v. Dep't of Social Srvcs. of City of New York*, 436 U.S. 658 (1978). Plaintiff also states a First Amendment retaliation claim against Defendants Dorethy, Toops, Lippen, Collins, Meeks, and Perble, and an Eighth Amendment claim for inhumane conditions of confinement against Defendants Dorethy and Lindorff. *Daugherty v. Page*, 906 F.3d 606, 610 (7th Cir. 2018); *Townsend v. Fuchs,* 522 F.3d 765, 773 (7th Cir. 2008).

Plaintiff cannot sue Defendants Baldwin, Jeffreys, Williams, McLaughlin, Brannon, Conn, Lehman, and Orkies just because they were in charge. No plausible inference arises that these defendants personally participated in the alleged events. *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). Plaintiff does not state a claim against Defendants Schultz, Frost, Benton, McCarty, Sneed, Thull, and Burle for their alleged roles in handling Plaintiff's grievances. *George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007).

Plaintiff does not state a claim under the Americans with Disabilities Act against any defendant. The ADA does not create a remedy where a plaintiff complains about incompetent medical treatment, not the exclusion therefrom. *Bryant v. Madigan*, 84 F.3d 246, 249 (7th Cir. 1996). Plaintiff makes no allegations against Defendants Ek, Woods, Barrientes, Huffer, Wexford Nurse K.C., Lopez, Jones, Rayhill, Jaimet, White, Ferguson, and Garza in the body of his complaint, and, therefore, these defendants will be dismissed.

The claims against Defendants Osmundson and Awada are unrelated to the claims against Hill officials, and, therefore, they belong in a separate lawsuit. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits."); *Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017) ("[D]istrict courts should not allow inmates to flout the rules for joining claims and defendants…or to circumvent the Prison Litigation Reform Act's fee requirements by combining multiple lawsuits into a single complaint."). The Court will sever these claims as directed below.

**It is therefore ordered:**

1. Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the court finds that the plaintiff states an Eighth Amendment claim for deliberate indifference to a serious medical need against Defendants Bautista, Steele, Pilger, Finninni, Parrish, Lindorff, and Wexford Health Sources, a First Amendment retaliation claim against Defendants Dorethy, Toops, Lippen, Collins, Meeks, and Perble, and an Eighth Amendment claim for inhumane conditions of confinement against Defendants Dorethy and Lindorff. Any additional claims shall not be included in the case, except at the court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2. This case is now in the process of service. The plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the court.

3. The court will attempt service on the defendants by mailing each defendant a waiver of service. The defendants have 60 days from the date the waiver is sent to file an answer. If the defendants have not filed answers or appeared through counsel within 90 days of the entry of this order, the plaintiff may file a motion requesting the status of service. After the defendants have been served, the court will enter an order setting discovery and dispositive motion deadlines.

4. With respect to a defendant who no longer works at the address provided by the plaintiff, the entity for whom that defendant worked while at that address shall provide to the clerk said defendant's current work address, or, if not known, said defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the clerk and shall not be maintained in the public docket nor disclosed by the clerk.

5. The defendants shall file an answer within 60 days of the date the waiver is sent by the clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this opinion. In general, an answer sets forth the defendants' positions. The court does not rule on the

merits of those positions unless and until a motion is filed by the defendants. Therefore, no response to the answer is necessary or will be considered.

6. This district uses electronic filing, which means that, after defense counsel has filed an appearance, defense counsel will automatically receive electronic notice of any motion or other paper filed by the plaintiff with the clerk. The plaintiff does not need to mail to defense counsel copies of motions and other papers that the plaintiff has filed with the clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the clerk. The plaintiff must mail his discovery requests and responses directly to defendants' counsel. Discovery requests or responses sent to the clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel. Discovery does not begin until defense counsel has filed an appearance and the court has entered a scheduling order, which will explain the discovery process in more detail.

7. Counsel for the defendants is hereby granted leave to depose the plaintiff at his place of confinement. Counsel for the defendants shall arrange the time for the deposition.

8. The plaintiff shall immediately notify the court, in writing, of any change in his mailing address and telephone number. The plaintiff's failure to notify the court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9. If a defendant fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the court will take appropriate steps to effect formal service through the U.S. Marshals service on that defendant and will require that defendant to pay the full costs of formal

service pursuant to Federal Rule of Civil Procedure 4(d)(2).

10. The clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

11. The clerk is directed to terminate Defendants Baldwin, Jeffreys, Williams, McLaughlin, Brannon, Conn, Lehman, Orkies, Schultz, Frost, Benton, McCarty, Sneed, Thull, Burle, Ek, Woods, Barrientes, Huffer, Wexford Nurse K.C., Lopez, Jones, Rayhill, Jaimet, White, Ferguson, Garza, Osmundson, and Awada.

12. The clerk is directed to attempt service on Defendants Bautista, Steele, Pilger, Finninni, Parrish, Lindorff, Wexford Health Sources, Dorethy, Toops, Lippen, Collins, Meeks, and Perble pursuant to the standard procedures.

13. Plaintiff's motion for counsel [5] is denied, with leave to renew upon demonstrating that he made attempts to hire his own counsel. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). This typically requires writing to several lawyers and attaching the responses. If Plaintiff renews his motion, he should set forth how far he has gone in school, any jobs he has held inside and outside of prison, any classes he has taken in prison, and any prior litigation experience he has.

14. Plaintiff's Motion for a temporary restraining order or preliminary injunction [4] is denied. Fed. R. Civ. P. 65 prohibits the Court from granting a TRO/injunction absent service of the defendants or an explanation why service should not be required. Further, the Constitution does not entitle Plaintiff to demand specific medical treatment. Plaintiff has not otherwise shown a reasonable likelihood of success on the merits. *Foodcomm Int'l v Barry*, 328 F.3d 300, 303 (7th Cir. 2003).

15. The clerk is directed to open a new case naming Kirk Osmundson and Dr. Awada as defendants. The clerk is also directed to file in the new case copies of Plaintiff's complaint and this order. Plaintiff shall, within 21 days of this Order, file a petition to proceed in forma pauperis or pay the $400.00 filing fee in full in the new case. Failure to do so will result in dismissal of the new case without prejudice. If Plaintiff does not wish to pursue his claims against these defendants, he may file a motion to voluntarily dismiss in the new case.

Entered this 30th day of March, 2020.

s/ Harold A. Baker
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE